UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIELLE TOMCZAK, *et al.*,<br><br>    Defendants. | Case No. 1:08-cv-161<br><br>Judge Susan J. Dlott<br>Magistrate Judge Timothy S. Black |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 11) AND DEFENDANT/CROSSCLAIMANT'S MOTION FOR DEFAULT JUDGMENT (Doc. 9) BE GRANTED; AND (2) THIS CASE BE CLOSED**

This matter is before the Court upon Plaintiff Sun Life Assurance Company of Canada's motion for default judgment against Defendant Danielle Tomczak (Doc. 11) and supplemental memorandum in support (Doc. 12) and Defendant/Crossclaimant James Boston, Jr.'s motion for default judgment against Defendant Danielle Tomczak (Doc. 9), as a result of her failure to plead, answer or otherwise move or defend as to Plaintiff's complaint and Defendant/Crossclaimant's crossclaim.

## I. BACKGROUND/PROCEDURAL HISTORY

On March 10, 2008, Sun Life Assurance Company of Canada ("Plaintiff") initiated this action by filing a complaint for interpleader (Doc. 1) in which Plaintiff sought to determine the proper beneficiary of the death benefits of Gregory R. Boston ("Decedent").

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Decedent was a participant in an employee welfare benefit plan ("Plan") sponsored and maintained by his employer. (Doc. 1, ¶ 7). Among other things, the Plan provided for the payment of death benefits to the duly authorized beneficiaries of the Plan participants. (*Id.*) Danielle Tomczak, the Decedent's former spouse; James Boston, Sr., Decedent's father; and James Boston, Jr. ("Defendant/Crossclaimant"), the administrator of Decedent's estate, were named as Defendants. (Doc. 1).

On March 27, 2008, a return of service, executed on Defendant Danielle Tomczak on March 16, 2008, was filed with the Court. (Doc. 3). Defendant Tomczak, however, failed to file an answer or motion in response to Plaintiff's complaint.

As a result, on May 23, 2008, Plaintiff's counsel filed a motion for default judgment (Doc. 11), and, on June 5, 2008, filed an application for entry of default. (Doc. 13). Thereafter, the Clerk entered default on June 16, 2008. (Doc. 15).

In the instant motion for default judgment, Plaintiff is seeking an Order from the Court: (1) granting leave to deposit the death benefits with the Clerk; (2) memorializing that Plaintiff has discharged all of its liability under the Plan and the Policy that may arise by virtue of the death of Gregory R. Boston; (3) enjoining Defendants from making any further claims for benefits against Plaintiff, the Plan or the Policy and from pursuing any further action against Plaintiff, the Plan or the Policy arising out of the death of Gregory R. Boston; and (4) reimbursing Plaintiff's attorney fees and costs incurred in prosecuting this action. (Docs. 1, 11, 12).

On April 7, 2008, Defendant James Boston, Sr. filed an answer. (Doc. 6). On

April 17, 2008, James Boston, Jr. filed an answer and a crossclaim against Defendant Tomczak. (Doc. 7). To date, Defendant Tomczak has not filed an answer to this crossclaim.

As a result, on May 23, 2008, Defendant/Crossclaimant filed a motion for default judgment (Doc. 9)[2] and an application for entry of default (Doc. 10). Thereafter, the Clerk entered default on June 16, 2008. (Doc. 14).

In the instant motion for default judgment, Defendant/Crossclaimant James Boston, Jr., the administrator of Decedent's estate, is seeking an Order from the Court: (1) entering default judgment against Crossdefendant Tomczak extinguishing any rights of Crossdefendant Tomczak in the death benefits; & (2) awarding to Defendant/Crossclaimant James Boston, Jr., the administrator of Decedent's estate, the entire amount of the death benefits.

## II. DEFAULT JUDGMENT STANDARD

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

---

[2] "Defendant James Boston, Sr. fully agrees with Administrator's [Defendant/Crossclaimant's] position herein and fully concurs in this motion." (Doc. 9).

>  (b)  Judgment.  Judgment by default may be entered as follows: (1) By the
> Clerk.  When the plaintiff's claim against a defendant is for a sum certain or
> for a sum which can by computation be made certain, the clerk upon request
> of the plaintiff and upon affidavit of the amount due shall enter judgment for
> that amount and costs against the defendant, if the defendant has been
> defaulted for failure to appear and if he is not an infant or incompetent
> person.
>
> (2)  By the Court.  In all other cases the party entitled to a judgment by default
> shall apply to the court therefor; but no judgment by default shall be entered
> against an infant or incompetent person unless represented in the action by a
> general guardian, committee, conservator, or other such representative who
> has appeared therein. If the party against whom judgment by default is sought
> has appeared in the action, the party (or, if appearing by representative, the
> party's representative) shall be served with written notice of the application for
> judgment at least 3 days prior to the hearing on such application. If, in order to
> enable the court to enter judgment or to carry it into effect, it is necessary to
> take an account or to determine the amount of damages or to establish the truth
> of any averment by evidence or to make an investigation of any other matter,
> the court may conduct such hearings or order such references as it deems
> necessary and proper and shall accord a right of trial by jury to the parties
> when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered are ordinarily not; a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  (*Id.*)

### III.  ANALYSIS

Upon review of the record, the undersigned finds and recommends that default judgment is warranted.

The Court finds that Defendant Tomczak was properly served (Doc. 3) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and has failed to plead or otherwise defend.  Defendant Tomczak's failure to respond to Plaintiff's application for entry of default (Doc. 13) and motion for default judgment (Doc. 11) and Defendant/Crossclaimant's application for entry of default (Doc. 10) and motion for default judgment (Doc. 9), as well as her failure to respond to Plaintiff's complaint or Defendant/Crossclaimant's crossclaim, has made it abundantly clear that she has no intention of defending this action.[3]  Thus, default judgment is warranted.

### IV.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for default judgment (Doc. 11) and Defendant/Crossclaimant's motion for default judgment (Doc. 9)  should be **GRANTED**, and default judgment should be entered in Plaintiff's and Defendant/Crossclaimant's favor and against Defendant Danielle Tomczak as follows:

---

[3] Further, Crossdefendant Tomczak allegedly stated to Defendant/Crossclaimant James Boston, Jr. and to Defendant James Boston, Sr. that she did not want and would not take any proceeds from any insurance on Gregory R. Boston's life and that she would turn over to Gregory R. Boston's family the proceeds of any such policies.  (Doc. 7, ¶ 9).

1. Within thirty days of the filing date of this Order, Plaintiff shall file a supplemental memorandum with supporting affidavit outlining its fees and costs incurred in prosecuting this action;

2. Defendant/Crossclaimant is entitled to recover an amount in the sum of $34,000, minus amounts, if any, owed to Plaintiff for costs and reasonable attorney's fees incurred in prosecuting this action;

3. Upon payment of the $34,000, minus amounts, if any, owed to Plaintiff for costs and fees, Plaintiff will have discharged all of its liability under the Plan and Policy that may arise by virtue of the death of Gregory R. Boston;

4. Upon payment of the $34,000, minus amounts, if any, owed to Plaintiff for costs and fees, Defendants are hereby enjoined from making any further claims for benefits against Plaintiff, the Plan or the Policy and from pursuing any further action against Plaintiff, the Plan or the Policy arising out of the death of Gregory R. Boston.

Date: July 23, 2008                                           s/ Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUN LIFE ASSURANCE
COMPANY OF CANADA,

    Plaintiff,

vs.

DANIELLE TOMCZACK, *et al*.,

    Defendants.

Case No. 1:08-cv-161

Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).